## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **THOMAS LIVERSAGE and PATRICIA LIVERSAGE 5907 Char-Leigh Cir. Frederick, MD 21703,** *on behalf of themselves and others similarly situated,* | * * * * * | |
| **v.** | * | **Civ. Action: 1:15-cv-01266** |
| **NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC 3608 Bradshaw Rd., Ste. H-229 Sacramento, CA 95827** | * * | |
| **Serve on:** | * | |
| **Nationwide Registered Agents, Inc. of Md. 351 W. Camden Street Baltimore, Maryland 21201,** | * * * | |
| *Defendant.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Thomas Liversage and Patricia Liversage ("Plaintiffs") on behalf of themselves and all others similarly situated allege as follows:

## INTRODUCTION

1.     Plaintiffs Thomas and Patricia Liversage bring this class action seeking redress for the illegal practices of defendant Nationwide Debt

Management Solutions, LLC ("Nationwide") in connection with the collection of debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Maryland Consumer Debt Collection Act, Md. Code, Comm. L. § 14-201, *et seq.* (the "MCDCA"), and the Maryland Consumer Protection Act, Md. Code, Comm. L. § 13-101, *et seq.* (the "MCPA).

2.     The Plaintiffs allege that the collection practices of Defendant Nationwide violate the FDCPA, MCDCA and MCPA. These collection practices include acting as a debt collector in the State of Maryland without a collection agency license. The Defendant knew or should have known that it was required to obtain a license to conduct debt collection activities in this state. Despite knowledge that it needed a license, Defendant continued to actively act as a debt collector through all relevant periods of this complaint adverse to the Plaintiff sand all class members.

3.     Plaintiffs and the purported class seek statutory damages, actual damages, attorney's fees, and costs, pursuant to the FDCPA, MCDCA and MCPA.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which

"contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.     The FDCPA is a strict liability statute that provides for actual or

3

statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7.     The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); S*prinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8.     Similarly, the MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

9.     The Maryland Consumer Protection Act ("MCPA") prohibits "unfair

or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. Id. § 13–301(14)(iii).

## JURISDICTION AND VENUE

10.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

11.    Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiffs reside within the District of Maryland.

## PARTIES

12.    Thomas Liversage and Patricia Liversage are individuals who are each a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as each is a natural person allegedly obligated to pay any debt, in this case believed to be amounts alleged to be due on an American Express account.

13.    Defendant Nationwide Debt Management Solutions, LLC is organized under the laws of Maryland but is not in good standing. The primary place of business of Defendant Nationwide is in California.

14.    The Defendant's website claims:

> Nationwide Debt Management Solutions is a full service, compliance-driven collection agency and Master Servicer. With over a decade of experience, we have been rewarded with repeated success in finding the right fit for our clients' respective needs.  Whether you are looking to acquire bad debt portfolios or are in need of assistance with your sales and outsourcing, we are here to help. The agencies in our network are truly specialists. With over 3000 Collection Professionals in our network, Nationwide will find the right solution for your specific need. We specialize in all phases of collection, from Frontline collection efforts all the way through litigation and post-judgment enforcement. Our network is nationally licensed and we are proud of our national "flat rate" attorney network. We welcome the opportunity to work with you to find the solutions that fit your specific collection and portfolio needs.

15.     At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it used the U.S. Mail and telephones to collect a consumer debt allegedly owed by Plaintiffs.

16.     At all relevant times Defendant acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA. At all relevant times Defendant collected or attempted to collect alleged debts arising out of consumer transactions.

17.     The acts of Defendant alleged herein were performed by their employees and attorney agents acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

18.     Thomas Liversage and Patricia Liversage allegedly incurred and later allegedly defaulted on an obligation believed to be due on an American Express account. Said alleged debt will hereinafter be referred to as "the subject debt."

19.     The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction for money, service or property that was primarily for personal, family and/or household purposes. For these reasons, the subject debt is also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA and a "consumer debt" as defined by Md. Code Ann., Com. Law, § 13-101(d).

20.     On or about February 27, 2015, Defendant began making telephone collection calls to the Plaintiffs' home phone number and to Plaintiff Thomas Liversage's work phone number.

21.     Under the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-301, a person must have a collection agency license to act as a debt collection agency in the State of Maryland.

22.     Defendant Nationwide acts as a debt collection agency in Maryland and collects debts from Maryland consumers even though Defendant Nationwide does not maintain a valid Maryland collection agency license.

23.    Defendant Nationwide willfully and knowingly acted as a debt collection agency in Maryland without a license because it is deemed to know the law of the jurisdictions where it conducts business.

## CLASS ALLEGATIONS

24.    Plaintiffs bring this action on behalf of a class consisting of the all Maryland residents who subjected to any collection activity by Defendant Nationwide within three years before the date of the filing of this Complaint.

25.    The identities of all class members are readily ascertainable from the records of Defendant Nationwide.

26.    Excluded from the class are all managers and directors of Defendants and members of their immediate families, and legal counsel for either side and all members of their immediate families.

27.    This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation:

a.    ***Numerosity:*** The class is so numerous that joinder of all members is impractical. On information and belief there are likely several hundred members in the class.

b.    ***Common Questions Predominate:*** There are questions of

8

law and fact common to the class, which questions predominate over any questions affecting only individual class members. The principal issues are:

      i.    Whether under the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-301, a person must have a collection agency license to act as a debt collection agency in the State of Maryland;

      ii.    Whether Defendant Nationwide acts as a debt collection agency in Maryland and collects debts from Maryland consumers;

      iii.    Whether Defendant Nationwide maintains a valid Maryland collection agency license;

      iv.    Whether Defendant Nationwide is exempt from the requirements of the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. § 7-301;

      v.    Whether Defendant Nationwide is deemed to know the law of the jurisdictions where it conducts business;

      vi.    Whether Defendant Nationwide willfully and knowingly acted as a debt collection agency in Maryland without a license; and

      vii.    The amount of funds collected by Defendant Nationwide from its debt collection activities in Maryland.

      c.    ***Typicality:*** Plaintiffs' claims are typical of the claims of the

members of the plaintiff class. Plaintiff and all members of the plaintiff class have claims arising out of Defendant's common course of conduct complained of herein.

      d.    ***Adequacy:*** Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs are committed to vigorously litigate this matter. Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful collection practices. Neither of the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

      e.    ***Superiority:*** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since individual class member's claims for damages are relatively modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the class to redress the wrongs done to them. An important public interest will be served by addressing

the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory adjudications will be avoided.

28.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.     The questions of law and fact common to the members of the class predominate over any questions affecting an individual member.

b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

29.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

30.     This conduct by Defendant Nationwide violates the FDCPA at § 1692e, 1692e(2), §1692e(5), § 1692e(10), § 1692f and § 1692f(1) which prohibit:

### § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .

(2) The false representation of--

11

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

    (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### § 1692f. Unfair Practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31.    In its attempts to collect the aforementioned debts and other debts of the members of the class the Plaintiffs seek to represent, Defendant Nationwide materially violated § 1692e, § 1692e(2), §1692e(5), § 1692e(10), §1692f and § 1692f(1) of the FDCPA in the manners discussed above.

32.    As a direct consequence of Defendant's acts, practices and conduct, the Plaintiffs suffered and continued to suffer from economic loss, stress, anger,

frustration, inconvenience, loss of sleep and emotional distress.

33.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs and the class they seek to represent are entitled to actual and statutory damages in an amount believed to be in excess of $75,000.00.

## COUNT II
## Violation of the Maryland Consumer Debt Collection Act

34.    Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

35.    In its attempts to collect the aforementioned debts and other debts of the members of the class the Plaintiffs seek to represent, Defendant knowingly and willfully violated § 14-202(8) of the MCDCA which prohibits:

> ***Proscribed conduct***
>
> ***In collecting or attempting to collect an alleged debt a collector may not:***
>
> > ***(8) Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist.***

36.    As a direct consequence of Defendant's acts, practices and conduct, the Plaintiffs suffered and continued to suffer from economic loss, stress, anger, frustration, inconvenience, loss of sleep and emotional distress.

37.    As a direct consequence of the Defendant's acts, practices and

conduct, the Plaintiffs and the class they seek to represent are entitled to actual damages in an amount believed to be in excess of $75,000.00.

**COUNT III**
**Violation of the Maryland Consumer Protection Act**

38.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

39.     Plaintiffs are consumers as defined by the MCPA § 13-101(c).

40.     Under § 13-301(14)(iii) of the MCPA, unfair or deceptive trade practices also include any violation of the MCDCA.

41.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs and the class they seek to represent are entitled to actual damages in an amount believed to be in excess of $75,000.00

WHEREFORE, Plaintiffs, respectfully request the following relief:

a.     An order certifying this lawsuit as a class action, appointing the Plaintiffs as class representative, and appointing Plaintiffs' counsel as class counsel;

b.     A judgment for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code., Comm. L. § 14-203; and Md. Code, Comm. L. § 13-408 in an amount currently estimated to be in excess of $75,000.00;

c.     A judgment for statutory damages in the amount required by 15

U.S.C. § 1692k(a)(2)(A), currently estimated to be in excess of $75,000.00.

d.      A judgment awarding Plaintiffs their costs of litigation and a reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code, Comm. L. § 13-408; and,

e.      An order for such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Dated: May 1, 2105                Respectfully Submitted,


/s/  E. David Hoskins
E. David Hoskins, Esq., No. 06705
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com



/s/ Max F. Brauer
Max. F. Brauer, Esq., No. 30162
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400

Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
*maxbrauer@hoskinslaw.com*