## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                                    |   |                          |
|----------------------------------------------------|---|--------------------------|
|                                                    | * |                          |
| **THOMAS LIVERSAGE,** *et al.*,                    | * |                          |
|                                                    | * |                          |
| **Plaintiff,**                                     | * |                          |
|                                                    | * |                          |
| **v.**                                             | * | **Case No.: ELH-15-1266** |
|                                                    | * |                          |
| **NATIONWIDE DEBT MANAGEMENT**                     | * |                          |
| **SOLUTIONS, LLC,**                                | * |                          |
|                                                    | * |                          |
| **Defendant.**                                     | * |                          |
|                                                    | * |                          |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses the Motion for Default Judgment that Plaintiffs Thomas Liversage and Patricia Liversage ("Plaintiffs") filed against Defendant Nationwide Debt Management Solutions, LLC ("Defendant"). *See* [ECF No. 8].  On October 6, 2015, Judge Hollander referred this case to me to review Plaintiffs' motion and make recommendations concerning damages.  For the reasons discussed herein, I recommend that Plaintiffs' motion be GRANTED, and that damages be awarded as recommended below.

### I.     BACKGROUND

Plaintiffs, two Maryland residents and "consumers," as defined in 15 U.S.C. § 1692a(3), filed a Class Action Complaint on behalf of themselves and all similarly situated persons on May 1, 2015.  *See* [ECF No. 1]; 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay a debt."); Md. Code Ann. Com. L. § 14-201(b). Defendant is, and at all relevant times was, a "debt collector" as defined in 15 U.S.C. § 1692a(6) and Md. Code Ann. Com. L. § 14-201(b).  Plaintiffs allege that Defendant's collection practices violate certain portions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann. Com. L. § 14-200 *et seq.*, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. Com. L. § 13-100 *et seq.*  Pls.' Compl. ¶¶ 2, 12-23.  According to Plaintiffs' Complaint, the putative class in this case is "all Maryland residents who subjected [sic] to any collection activity by Defendant Nationwide within three years before the date of the filing of this Complaint."  *Id.* at ¶ 24. Plaintiffs purport that they meet the numerosity, common question, typicality, and adequacy requirements mandated by Federal Rule of Civil Procedure 23.  *See* Pls.' Compl. ¶¶ 24-28. Defendant failed to respond to Plaintiffs' Complaint.  On June 9, 2015, Plaintiffs filed a Request for Entry of Default with the Clerk's Office, which was granted on August 25, 2015.  *See* [ECF No. 6].  The instant motion followed.  *See* [ECF No. 8].  The two named plaintiffs, Thomas and Patricia Liversage, seek statutory damages of $1000.00 each, as well as attorneys' fees of $3,264.50, and filing fees of $400.00, for a total damages award of $5,664.50.  *See* [ECF No. 8].

## II.    STANDARD OF REVIEW

In reviewing a motion for default judgment, the Court accepts as true the well-pleaded facts of the complaint as to liability.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).  The Court may, however, still require "some proof of the facts that must be established in order to determine liability."  *See id.*; 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed.).  Moreover, despite the Fourth Circuit's policy preference that cases "be decided on the merits," *see United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is "appropriate when the adversary process has been halted because of an essentially unresponsive party."  *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the Court deems that liability has been established, it shall make an independent determination regarding damages and "cannot accept as true factual allegations of damages." *Lawbaugh*, 359 F. Supp. 2d at 433.  Pursuant to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  If a complaint does not specify the amount of damages sought, the Court must "make an independent determination of the sum to be awarded," by "taking evidence when necessary or by computation of facts from a record."  *Pope v. United States*, 323 U.S. 1, 12 (1944).  The Court is not required to conduct an evidentiary hearing to determine damages, and may instead rely on affidavits or documentary evidence in the record to determine the appropriate sum.  *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794-95 (D. Md. 2010); *Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civ. No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011).  In the instant case, the Court must first determine whether facts contained in Plaintiffs' Complaint constitute a cognizable cause of action, and, if they do, must then make an independent determination regarding the appropriate amount of damages.

## III.    ANALYSIS

Plaintiffs' Complaint claims that Defendant acted as a "debt collector" within the meaning of the FDCPA's section 1692a(6), in that it used U.S. Mail and telephones to collect a consumer debt allegedly owed by Plaintiffs, and that at all relevant times, in collecting or attempting to collect the Plaintiffs' alleged debts, which rose out of consumer transactions, Defendant acted as a "collector" and "person" as defined in the Maryland Consumer Debt Collection Act's section 14-201(b).  *See* 15 U.S.C. § 1692a(6); Md. Code Ann. Com. L. § 14-

201(b).  Because Defendant is subject to the FDCPA and MCDCA, Defendant's actions in violation of these two statutes give rise to the Defendant's liability thereunder.

Plaintiffs allege that Defendant made phone calls to Plaintiffs' home, and to Plaintiff Thomas Liversage's work, during which Defendant made "false, deceptive, or misleading representation[s] in connection with the collection" of Plaintiffs' consumer debt, including "threat[ening] to take any action that cannot legally be taken," and used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of the FDCPA's sections 1692e and 1692f.  *See* 15 U.S.C. §§ 1692e, 1692f.  Specifically, Plaintiffs contend that Defendant's failure to maintain a valid collection agency license in Maryland in violation of section 7-301 of the Maryland Collection Agency Licensing Act ("MCALA") triggers Defendant's liability under FDCPA section 1692e's proscription against "threat[ening] to take any action that cannot legally be taken."  Without a valid Maryland collection license, Defendant is unable to file suit legally against the Plaintiffs in Maryland.  *See* 15 U.S.C. § 1692e(5); Md. Code Ann. Bus. Reg. § 7-301; Pls.' Mot. ¶ 8(c); Pls.' Compl. ¶ 21.

Plaintiffs further assert that Defendant "willfully and knowingly" acted as a debt collection agency in Maryland without a license because Defendant is "deemed to know the law of the jurisdictions where it conducts business."  Pls.' Compl. ¶ 23.  Finally, Plaintiffs argue that in its attempts to collect Plaintiffs' consumer debts with the knowledge that it does not have a valid Maryland debt collection license, Defendant "knowingly and willfully violated § 14-202(8) of the MCDCA," which prohibits debt collectors from "claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist," and that, in violating the MCDCA, Defendant in turn violated section 13-301(14)(iii) of the MCPA, which designates as

an "unfair or deceptive trade practice" any violation of the MCDCA.  *See* Pls.' Compl. ¶¶ 34-40;

Md. Code Ann. Com. L. § 13-301(14)(iii).

### A.  Plaintiffs' FDCPA Claims

As precedent instructs, this Court accepts all of Plaintiffs' factual allegations regarding

Defendant's conduct[1] as true.  *See Ryan*, 253 F.3d at 778.  As to Plaintiffs' FDCPA claims, the

Fourth Circuit has established that "the threshold requirement for application of the [FDCPA] is

that prohibited practices are used in attempt to collect a debt."  *Mabe v. G.C. Servs. Ltd. P'ship*,

32 F.3d 86, 87-88 (4th Cir. 1994); *see also Carroll v. Paul Law Office PLLC*, No. Civ. A. DKC-

12-2041, 2013 WL 4008873, at \*2 (D. Md. Aug. 2, 2013); *United States v. Nat'l Fin. Services,*

---

[1] While Plaintiffs' factual allegations are accepted as true, it is significant to note that the Complaint contains a crucial error that could have undermined the claims contained therein if this case had proceeded under different circumstances.  Specifically, Plaintiffs state that venue is proper because "the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District," and because "[a]dditionally, Plaintiffs reside within the District of Maryland."  Yet, Plaintiffs fail to state whether they resided in the District at all times during the alleged events.  Plaintiffs would need to have resided in Maryland during the period in which they allege they were harassed by Defendants to lay proper venue here.  *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

Moreover, the Complaint contains no additional facts to indicate that the home and work phone numbers at which Defendant placed calls to Plaintiffs belong to addresses in Maryland.  *See, e.g.*, Pls.' Compl. ¶¶ 11, 20 (stating only that "On or about February 27, 2015, Defendant began making telephone collection calls to the Plaintiffs' home phone number and Plaintiff Thomas Liversage's work phone number" without explaining where Plaintiffs' home and work were located).  While the Fourth Circuit has not yet addressed the issue, many federal circuits hold that district courts may not raise the issue of improper venue *sua sponte*.  *See Buchanan v. Manley*, 145 F.3d 386 (D.C. Cir. 1998) (finding that personal jurisdiction and venue are "matter[s] to be raised by motion or responsive pleading, not by the court *sua sponte*") (citing *Anger v. Revco Drug Co.*, 791 F.2d 956 (D.C. Cir. 1986)); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) ("A district court may not dismiss a case *sua sponte* for improper venue absent extraordinary circumstances."); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) ("[I]t is inappropriate for the trial court to dispose of the case *sua sponte* on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner.").  As such, I recommend that the Court decline to contemplate dismissal or denial of Plaintiffs' motion due to improper venue, but note the issue as it is relevant to the attorneys' fee calculation below.

*Inc.*, 98 F.3d 131 (4th Cir. 1996) (noting that whether a debt collector's conduct violates the FDCPA is judged from the viewpoint of the "least sophisticated consumer").   Moreover, the FDCPA is a strict liability statute, which means that a consumer need only prove one violation of the FDCPA to collect statutory or actual damages.   *See* 15 U.S.C. § 1692k(a); *Spencer v. Hendersen-Webb*, 81 F. Supp. 2d 581, 590-91 (D. Md. 1999).   Here, Plaintiffs allege that Defendant knowingly attempted to collect Plaintiffs' consumer debt in Maryland without obtaining a valid license to do so, in violation of FDCPA section 1692e(5).   *See* Pls.' Compl. ¶¶ 20-23.   Therefore, construing Plaintiffs' allegations as true, Plaintiffs plausibly state a claim for relief under the FDCPA, and the liability prong of the default judgment standard is satisfied.

## B.  Plaintiffs' Damages

### 1.  Statutory Damages

Section 1692k of the FDCPA provides that any debt collector who fails to comply with any FDCPA provision is liable to the person to whom the violation has been directed "in an amount equal to the sum of [either] (1) any actual damage sustained by such person as a result of such failure; or (2)(A) in the case of any action by an individual,[2] such additional damages as the court may allow, but not exceeding $1,000."   Here, Plaintiffs have alleged that Defendant failed to comply with the relevant FDCPA provisions, and they seek the maximum award of statutory

---

[2]   Although Plaintiffs in the instant case are the named plaintiffs in a putative class action that has not been certified by the Court, they seek default judgment only in their individual capacities.   *See* Pls.' Compl. ¶¶ 24-28.   *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (noting that in cases in which the district court has entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages).   Because the Court will be able to revisit certification if a putative class member who cannot and will not recover following the resolution of the Plaintiffs' instant motion seeks such certification, *see Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8-13 (S.D.N.Y. Mar. 4, 2003) (conducting class certification analysis following defendant's default and denying certification), it is not necessary for the Court to contemplate certifying the Complaint's putative class at this time.

damages. *See Wright v. Finance Serv. of Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not to $1,000 per violation."). In determining the appropriate amount of statutory damages to be awarded in a particular case, a court shall consider, among other factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b) (1). Other courts have noted that "the maximum statutory damage award is only assessed in cases where there [have] been repetitive, egregious FDCPA violations and even in such cases, the statutory awards are often less than $1000." *Ford v. Consigned Debts & Collections, Inc.,* 2010 WL 5392643 at *5 (D.N.J. Dec. 21, 2010).

The allegations in the Complaint establish that Defendant engaged in unlicensed collections activity, but the extent of that activity is far from clear. The Complaint alleges only that on a single day, on or about February 27, 2015, "Defendant began making telephone collection calls to the Plaintiffs' home phone number and to Plaintiff Thomas Liversage's work phone number." Pls.' Compl. ¶ 20. The Complaint does not allege any conduct after February 27, 2015. Thus, Plaintiffs' case is much closer to the heartland of FDCPA cases which result in significantly lower awards for statutory damages for relatively minimal collection activity. *See, e.g., Marchman v. Credit Solutions Corp.,* 2011 WL 1560647 (M.D. Fla. April 5, 2011) (recommending an award of $100.00 in statutory damages and no actual damages where plaintiff received two telephone calls including a threat to contact Plaintiff's employer, and claimed loss of sleep, worry, withdrawal, and depression); *Ford,* 2010 WL 5392643 (D.N.J. Dec. 21, 2010) (awarding $350.00 in statutory damages and $200.00 in actual damages where plaintiff received one message that failed to identify the caller and one call threatening to sue the plaintiff, inform

the plaintiff's parole officer, and have plaintiff thrown back in jail, causing anxiety and exasperation for a few weeks, lack of sleep, and depression);   *Mostiller v. Chase Asset Recovery Corp.,* 2010 WL 335023 (W.D.N.Y. Jan. 22, 2010) (awarding actual damages of $250.00 and statutory damages of $150.00 where defendant left one voice message saying it was "gonna take action against" Plaintiff which was overheard by fiancé who was not aware of debt, causing stress and emotional distress).   In this case, the conduct in question is alleged to have occurred only on a single date, with no other aggravating factual allegations.   Pls.' Compl. ¶ 20. Accordingly, I recommend a reduced award of statutory damages in the amount of $200.00 per Plaintiff.

### 2.   Attorneys' Fees and Costs

First, Plaintiffs seek costs in the amount of the $400.00 filing fee.   That request is reasonable and I recommend that the full amount be awarded.

Second, Plaintiffs seek attorneys' fees in the amount of $3,264.50.  A prevailing plaintiff is entitled to a mandatory award of reasonable attorney's fees under the FDCPA, but the amount of the award is left to the district court's discretion. *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995) (upholding a fee award of only $500.00 in fees where claimed lodestar amount was almost $10,000.00). In calculating the appropriate award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); see *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). A trial court may exercise its discretion in determining the

lodestar amount because it possesses "superior understanding of the litigation," and the matter is "essentially" factual. *Thompson v. HUD*, No. MJG–95–309, 2002 WL 31777631, at *6 n. 18 (D. Md. Nov. 21, 2002) (*quoting Daly v. Hill*, 790 F.2d 1071, 1078-79 (4th Cir. 1986) (internal quotation marks omitted)). Once the lodestar amount has been determined, the Court determines whether or not it constitutes a reasonable fee, and makes any necessary adjustments. *See Carroll*, 53 F.3d at 629. In evaluating both the lodestar calculations and the overall reasonable fee, this Court uses "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at *6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at *6 n. 19 (citing *Johnson*, 488 F.2d at 717-19). What is reasonable depends on the facts and circumstances of the case and "§ 1692k does not mandate a fee award in the lodestar amount." *Carroll*, 53 F.3d at 629.

The Declaration in Support of Award of Attorneys' Fees and Costs in this case is deficient in some respects and erroneous in others. The Declaration suggests that the appropriate hourly rate is $400.00 per hour for work performed by attorney E. David Hoskins, who according to the declaration has practiced law for twenty-nine years and bills $400.00 per hour as his "customary fee for statutory damage cases." [ECF No. 8-1]. The billing statement attached

to the Declaration, however, bills Mr. Hoskins's work at a rate of $475.00 per hour, not $400.00. In addition, the billing statement contains entries reflecting work performed by another attorney, Max Brauer. Mr. Brauer's work appears to have been billed at two different rates: sometimes $195.00 per hour and sometimes $475.00 per hour. The Declaration provides no information about Mr. Brauer's background or years of legal experience, in order to permit an assessment of an appropriate hourly rate.

The entries in the billing statement raise other significant issues. First, there are three entries pre-dating February 27, 2015, which, according to the Complaint, is the date when Defendant "began" making calls in violation of the FDCPA. Thus, either the billing statement contains entries that are not properly attributed to this matter, or the Complaint erroneously reflected the facts of the case. Second, one of the billing entries from Mr. Brauer, on April 30, 2015, states that Mr. Brauer spent time "discussing new Liversage matter with Mr. Hoskins." The reference to a "new matter" again suggests that this entry is not properly attributed to this case. Finally, the billing statement reflects that Mr. Hoskins spent an hour drafting the Motion for Default Judgment in this case. In addition to the errors reflected above, Paragraph 8 of the Motion for Default Judgment, which purports to recite the ways in which Defendant violated the FDCPA, appears to be entirely copied from a like motion in another case. It contains factual allegations that do not exist in this Complaint, and cites to Paragraphs 45-48 of the Complaint to support those allegations, even though the Complaint in this case contains only 41 numbered paragraphs. Since the remainder of the Motion for Default Judgment contains little case-specific information or analysis, an hour of billing for its preparation appears excessive.

Turning, then, to calculation of a lodestar rate, I recommend that Mr. Hoskins be awarded fees in the hourly amount of $400.00, as he requested, and that Mr. Brauer's fees be awarded in

the amount of $150.00, which is the baseline amount under this Court's guidelines for lawyers admitted to the bar for less than five (5) years.  The total time expended by Mr. Brauer (after eliminating the entries pre-dating February 27, 2015 and the entry for the "new matter") is 2.2 hours, resulting in a lodestar calculation of $330.00.  The total time expended by Mr. Hoskins according to the billing statement is 4.9 hours.  However, in light of the dearth of case-specific information in the Complaint, the number of like cases filed by Mr. Hoskins, and the errors outlined above, I recommend that half of that number of hours be awarded as the lodestar calculation in this case.  Thus, the lodestar calculation for Mr. Hoskins would be $980.00, which represents 2.45 hours at $400.00 per hour.  The total lodestar fee is therefore $1,310.00.

I recommend that the lodestar amount be awarded as a reasonable fee in this matter. Considering the *Johnson* factors, and with the reductions taken above to address what appears to be excessive billing as suggested by the quality of the Court filings, $1310.00 represents a reasonable fee assessment in light of the fact that counsel has extensive experience in these cases, the fact that this case involved little novel work, the fact that the results represented a reduced award of statutory damages in light of the minimal allegations of violations in the Complaint, and the fact that this case was not undesirable, time consuming, or challenging.

## IV.    CONCLUSION

For the reasons set forth above, I recommend that:

1.    The Court GRANT Plaintiffs' Motion for Default Judgment, [ECF No. 8]; and

2.    The Court award each Plaintiff $200.00 in statutory damages, plus a total of $1310.00 in legal fees and $400.00 in costs, for a total judgment of $2,110.00.

I also direct the Clerk to mail a copy of this Report and Recommendations to Defendant at the addresses (for the Defendant and its registered agent) listed on Plaintiffs' Complaint, [ECF No. 1].

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

## V.       NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:        January 11, 2016                    _____/s/_____

                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge